ZEENATH ABPLANALP,

      Plaintiff,

v.

ALLTRAN FINANCIAL, LP Successor by
merger to UNITED RECOVERY SYSTEMS,

      Defendant

Case No.

**NOTICE OF REMOVAL**
**[28 U.S.C. §§ 1441(a), 1446 1331 and 1367]**

## TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, ALLTRAN FINANCIAL, LP. ("Alltran") pursuant to 28 U.S.C. §§ 1441(a), 1446, 1331 hereby gives notice of its removal of this action from the General Court of Justice, State of North Carolina, County of Mecklenburg, Superior Court Division, to the United States District Court for the Western District of North Carolina on the basis of federal question jurisdiction.

Alltran asserts the following facts in support of its removal of the state court action:

1.     Zeenath Abplanalp ("Plaintiff"), commenced the state court action on March 6, 2017, by filing his Complaint in the General Court of Justice, State of North Carolina, County of Mecklenburg, Superior Court Division, case number 17-CVS-5618. *See* Copy of Plaintiff's Summons and Complaint attached as Exhibit A.

2.     Alltran received a copy of the Summons and Complaint through the mail no earlier than on March 30, 2017.

3.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within the thirty days of Defendant's receipt through formal service of process of the Summons and Complaint. *Id.*

4.     The General Court of Justice, State of North Carolina, County of Mecklenburg, Superior Court Division is located within this judicial district. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiff's Complaint alleges violations of the Telephone Consumer Protection Act 47 U.S.C. §227.

6.     Pursuant to 28 U.S.C. §1446(d), Defendant is filing a copy of this Notice of Removal with the Clerk of the General Court of Justice, State of North Carolina, County of Mecklenburg, Superior Court Division, and is serving copies of both the state and federal court notices upon counsel for Plaintiff.

7.     No other Defendants have been served, or, upon information and belief, exist.

WHEREFORE, ALLTRAN FINANCIAL, LP, hereby removes this action from the General Court of Justice, State of North Carolina, County of Mecklenburg, Superior Court Division, to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Dated:  April 28, 2017                          Respectfully submitted,

Alltran Financial, LP,

By: _____
Sanjay R. Gohil, Esq.
Law Offices of Sanjay R. Gohil, PLLC
2435 Plantation Center Drive, Suite 200
Matthews, NC 28105
Phone:  (704) 814-0729
E-mail: srg@gohillaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the above-titled **Notice of Filing Removal to Federal Court** was served on the Plaintiff by sending the same via U.S. Mail at or before 5:00PM EST on April 28, 2017, to the following party of record:

M. Shane Perry
109 W. Statesville Avenue
Mooresville, NC 28115

_____
Sanjay R. Gohil, Esq.

# STATE OF NORTH CAROLINA

File No.
17 CVS 5618

MECKLENBURG County

In The General Court of Justice
☐ District ☒ Superior Court Division

**Name of Plaintiff**
ZEENATH ABPLANALP

**Address**
109 W. STATESVILLE AVE.

**City, State, Zip**
MOORESVILLE, NC 28115

## VERSUS

**Name of Defendant(s)**
ALLTRAN FINANCIAL, LP SUCCESSOR BY MERGER TO
UNITED RECOVERY SYSTEMS, INC.

# CIVIL SUMMONS

☐ **Alias and Pluries Summons**

G.S. 1A-1, Rules 3, 4

Date Original Summons Issued

Date(s) Subsequent Summon(es) Issued

## To Each of The Defendant(s) Named Below:

**Name And Address of Defendant 1**
ALLTRAN FINANCIAL, LP
C/O CT CORPORATION SYSTEM, REGISTERED AGENT
160 MINE LAKE COURT, SUITE 200, RALEIGH NC 27615-6417

**Name And Address of Defendant 2**

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)**
Collum & Perry, PLLC
109 W. Statesville Ave.
Mooresville, NC 28115

| Date Issued | Time |
| --- | --- |
| 3-21-17 | 12:00 ☐ AM ☒ PM |

Signature

☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court

☐ **ENDORSEMENT**

This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| Date of Endorsement | Time |
| --- | --- |
| | ☐ AM ☐ PM |

Signature

☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court

**NOTE TO PARTIES:** *Many Counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, end, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01

**EXHIBIT**
**A**

© 2001 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name of Sheriff (Type or Print) |
| Date of Return | County of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

**FILED**

File No. 17 CVS 5618

In The General Court of Justice
☐ District  ☒ Superior Court Division

2017 MAR 21  AM 11: 20

MECKLENBURG CO., C.S.C.

| | |
|---|---|
| *Name of Plaintiff 1*<br>ZEENATH ABPLANALP | **GENERAL**<br>**CIVIL ACTION COVER SHEET**<br>☒ INITIAL FILING  ☐ SUBSEQUENT FILING |
| *Tax ID/SSN* | |

Rule 5(b), Rules of Practice for Superior and District Courts

| | |
|---|---|
| *Name of Plaintiff 2* | *Name And Address of Attorney, or Party, If Not Represented (complete for initial appearance or change of address)*<br>M. Shane Perry<br>Post Office Box 1739<br>Mooresville NC 28115 |
| *Tax ID/SSN* | |
| *Name of Plaintiff 3* | |
| *Tax ID/SSN* | *Attorney Bar No.*<br>35498 |

**VERSUS**

| | | |
|---|---|---|
| *Name of Defendant 1*<br>ALLTRAN FINANCIAL, LP. | | *Attorney Bar No.*<br>35498 |
| *Tax ID/SSN* | *Summons Submitted*<br>☒ Yes  ☐ No | ☒ Initial Appearance in Case  ☐ Change of Address |
| *Name of Defendant 2* | | *Name of Firm*<br>Collum & Perry, Attorneys at Law, PLLC |
| *Tax ID/SSN* | *Summons Submitted*<br>☐ Yes  ☐ No | *Tax ID No.* 45-3179620  *Telephone No.* 704-663-4187  *FAX No.* 704-663-4178 |
| *Name of Defendant 3* | | *Counsel for*<br>☒ All Plaintiffs ☐ All Defendants ☐ Only *(List party(ies) represented)* |
| *Tax ID/SSN* | *Summons Submitted*<br>☐ Yes  ☐ No | |

☒ Jury Demanded in Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

| **TYPE OF PLEADING** | **CLAIM FOR RELIEF FOR:** |
|---|---|
| *(check all that apply)*<br>☐ Amended Answer/Reply (AMND-Response)<br>☐ Amended Complaint (AMND)<br>☐ Answer/Reply (ANSW-Response)<br>☒ Complaint (COMP)<br>☐ Confession of Judgment (CNFJ)<br>☐ Counterclaim vs. (CTCL)<br>　☐ All Plaintiff(s) ☐ Only *(List on back)*<br>☐ Crossclaim vs. *(List on back)* (CRSS)<br>☐ Extend Statute of Limitations, Rule 9 (ESOL)<br>☐ Extend Time for Answer (MEOT-Response)<br>☐ Extend Time For Complaint (EXCO)<br>☐ Rule 12 Motion in Lieu Of Answer (MDLA)<br>☐ Third Party Complaint *(List Third Party Defendants on Back)* (TPCL)<br>☐ Other *(specify)* | ☐ Administrative Appeal (ADMA)<br>☐ Appointment of Receiver (APRC)<br>☐ Attachment/Garnishment (ATTC)<br>☐ Claim and Delivery (CLMD)<br>☐ Collection on Account (ACCT)<br>☐ Condemnation (CNDM)<br>☐ Contract (CNTR)<br>☐ Discovery Scheduling Order (DSCH)<br>☐ Injunction (INJU)<br>☐ Medical Malpractice (MDML)<br>☐ Minor Settlement (MSTL)<br>☐ Money Owed (MNYO)<br>☐ Negligence – Motor Vehicle (MVNG)<br>☐ Negligence – Other (NEGO)<br>☐ Motor Vehicle Lien G.S. 44A (MVLN)<br>☐ Limited Driving Privilege – *Out-of-State Convictions* (PLDP)<br>☐ Possession of Personal Property (POPP)<br>☐ Product Liability (PROD)<br>☐ Real Property (RLPR)<br>☐ Specific Performance (SPPR)<br>☒ Other: *(specify)* UNFAIR DEBT COLLECTION |

**NOTE:** *Small claims are exempt from cover sheets.*

| *Date* | *Signature of Attorney/Party* |
|---|---|
| | |

**NOTE:** *The initial filing in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a cover sheet or the filing must comply with G.S. 7A-34.1.*

AOC-CV-751, Rev. 10/01 © 2001 Administrative Office of the Courts          *(Over)*

| No. | ☐ Additional Plaintiff(s) | Tax ID/SSN |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| No. | ☐ Additional Defendant(s)   ☐ Third Party Defendant(s) | Tax ID/SSN | Summons Submitted |
|---|---|---|---|
| | | | ☐Yes ☐No |
| | | | ☐Yes ☐No |
| | | | ☐Yes ☐No |
| | | | ☐Yes ☐No |
| | | | ☐Yes ☐No |
| | | | ☐Yes ☐No |
| | | | ☐Yes ☐No |
| | | | ☐Yes ☐No |

Plaintiff(s) Against Whom Counterclaim Asserted

Defendant(s) Against Whom Crossclaim Asserted

AOC-CV-751, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

ZEENATH ABPLANALP,

                     **Plaintiff**

            v.

ALLTRAN FINANCIAL, LP Successor by
merger to UNITED RECOVERY
SYSTEMS,

                  **Defendant**

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17-CVS-

FILED
2017 APR 21 AM 11: 20 15618

MECKLENBURG CO., C.S.C.

BY _____

**COMPLAINT**
**WITH DEMAND FOR TRIAL BY JURY**

---

NOW COMES Plaintiff, Zeenath Abplanalp, by and through Counsel, bringing this action to enforce Plaintiff's right to recover actual, statutory, and punitive damages, costs, and attorney's fees against the Defendant for violations of North Carolina's Prohibited Practices by Collection Agencies, N.C. Gen. Stat. § 58-70-90, *et seq*., (PPCA) and the Telephone Consumer Protection Act 47 U.S.C. § 227, *et. seq*, (TCPA). In support thereof, the Plaintiff shows as follows:

## JURISDICTION AND VENUE

1. Pursuant to N.C. Gen. Stat. § 1-75(4)(d) *et seq*., the venue is proper in this Court because the acts and transactions occurred in Mecklenburg County, North Carolina, Plaintiff resides in Mecklenburg County, North Carolina, and the Defendant transacts business in Mecklenburg County, North Carolina.

2. Pursuant to 47 U.S.C. § 227, *et. seq.*, the venue is proper in this Court because the violations of the TCPA giving rise to this claim occurred in Mecklenburg County, North Carolina.

## PARTIES

1. Zeenith Abplanalp (Plaintiff) is an individual and citizen of the State of North Carolina who resides in Mecklenburg County, North Carolina.

2. Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 58-70-90(2).

3. Defendant, Alltran Financial, LP, (Alltran), successor by merger to United Recovery Systems, Inc., (URS), was and is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

4. Upon information and belief, the Defendant, is a corporation registered to do business in North Carolina, with its principal place of business at 5800 North Course Drive, Houston, TX 77072.

5. Alltran Financial, LP may be served with process through its Registered Agent, CT Corporation System, at 160 Mine Lake Court, Suite 200, Raleigh, NC 27615-6417.

6. Defendant was engaged in the Collection of debts from North Carolina Consumers using the mail, internet, and telephone, among other means, at all times relevant to this complaint.

7. Defendant was engaged in commerce in North Carolina at all times relevant to this complaint.

8. The alleged debt in this matter is a "debt" alleged to be owed as defined by N.C. Gen. Stat. §58-70-90(3).

9. The alleged debt at issue arose out of a transaction that was primarily for personal, family or household purposes.

## STATEMENT OF LAW

10. By enacting the Prohibited Practices by Collection Agencies (PPCA), North Carolina has created specific and non-specific categories of debt collection actions that it declares unlawful. North Carolina has taken bold steps to lead the nation in protecting its citizens from unscrupulous activities. The damages for violation of these statutes are meant to be

a harsh deterrent and, to further its goal, in 2009 the state increased the amount awarded for violations of the PPCA.

11. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

12. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity... (A) to store and produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

13. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

14. A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations*

*Implementing the Telephone Consumer Protection Act of 1991,* 23 F.C.C. Rcd. 559, 562-63 (2008).

15. Alltran used a predictive dialer to place calls to Plaintiffs cellular telephone.

16. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice—
> > >
> > > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the called party is charged for the call..

47 U.S.C. §§ 227(b)(1)(A)(iii).

17. The term "called party," as used in the Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 30 FCC Rcd. 7961, 7999-8000, ¶ 72-73 (2015).

18. Plaintiff was the "called party" in each telephone call Alltran, and their representatives, placed to Plaintiff's cellular telephone.

19. The "called party" may revoke any prior consent to be called on his or her cellular telephone in any reasonable manner. *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 30 FCC Rcd. 7961,7993, ¶ 55 (2015); *Brown v. Credit Mgmt., LP,* 131 F. Supp. 3d 1332, 1345 (N.D. Ga. 2015) ("The unwillingness [to receive calls] 'may be manifested to the actor by any words or conduct inconsistent with the continued consent.'").

## FACTUAL ALLEGATIONS

20. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein

21. Alltran Financial, LP is an agent of J.P. Morgan Chase Bank, N.A., (Chase), and a debt collector collecting an alleged debt on behalf Chase.

22. In 2014 Defendant instituted a campaign of harassment with the intention of forcing Plaintiff to generate money to pay Defendant by whatever means became available, despite whatever pain it may have caused Plaintiff.

23. Defendant placed numerous calls to Plaintiff's cellular phone throughout the day in order to collect upon the alleged debt and often did not leave a message for the Plaintiff.

24. Plaintiff asked Defendant to stop calling her cellular phone because her phone plan required her to pay for minutes.

25. Plaintiff instructed Defendant to communicate with her through the mail if Defendant needed to reach her.

26. Despite this request, Defendant continued to place calls to Plaintiff's cellular phone.

27. Defendant placed calls to the Plaintiff's cellular phone on at least the following days: May 14, 2014; May 16, 2014; May 28, 2014; June 5, 2014, June 20, 2014; June 26, 2014;

July 1, 2014; July 8, 2014; July 9, 2014; July 10, 2014; July 11, 2014; July 12, 2014; July 16, 2014; July 26, 2014; July 17, 2014; July 26, 2014; July 28, 2014; July 30, 2014; July 31, 2014, August 5, 2014; and August 6, 2014.

28. The plaintiff suffered emotional distress, aggravation, annoyance, humiliation, marital strife and inconvenience suffered as a result of the Defendant's unlawful acts.

## VIOLATIONS OF N. C. Gen. Stat. § 58-70-115

29. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

30. Defendant repeatedly violated several provisions of the PPCA. Defendant's violations include, but are not limited to, violations of each respective statute as evidenced by the following conduct:

31. Alltran and their representatives placed numerous phone calls to the Plaintiff after being notified that she was represented by an attorney regarding these matters.

32. This behavior constitutes a general violation of N.C. Gen. Stat. § 58-70-115.

33. This behavior constitutes a specific violation of N.C. Gen. Stat. § 58-70-115(3).

## DAMAGES PURSUANT TO N.C. Gen. Stat. § 58-70-130

34. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein

35. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the damages to the Plaintiff that are outlined more fully above.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

37. As a result of Defendant's violations of the PPCA pursuant to N.C. Gen. Stat. § 58-70-130, *et seq.*, Plaintiff is entitled to actual damages, statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation and punitive damages as well as reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. § 75-16.1.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

38. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

39. Alltran violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial prerecorded voice to call Plaintiff on her cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

40. In addition, The TCPA provides, in part:

> If the Court finds that the defendant willfully or knowingly violated the subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

41. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

42. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 WL 1522244, *9 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark,*

2013 WL 1154206, *7 (N.D. Ill. Mar. 19, 2013); *Stewart v. Regent Asset Mgmt. Solutions, Inc.*, 2011 WL 1766018, *7 (N.D. Ga. May 4, 2011).

43. Defendant's acts were willful because Plaintiff had expressly revoked consent to be called, and despite Plaintiff's revocation, Defendant continued to place calls to Plaintiff's cellular telephone.

44. A plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgview*, 2013 WL 115206, at *7; *see also Roylance*, 2015 WL 1522244, at *9 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

45. Alltran voluntarily placed phone calls to plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

46. Alltran's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## DEMAND FOR JURY TRIAL

47. Plaintiff exercises her right to a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiff respectfully requests the following relief from the Court:

1. That Plaintiff have a trial by jury upon all issues so triable.
2. That Plaintiff be awarded damages against the Defendant in an amount to be determined at trial that will fairly and reasonably compensate her for the emotional distress, aggravation, annoyance, humiliation, marital strife and inconvenience suffered as a result of the Defendant's unlawful acts.
3. Actual damages to be determined at trial and Statutory damages of $4,000 per violation as allowed pursuant to N. C. Gen. Stat. §58-70-130, *et seq*.;
4. Costs and reasonable attorney's fees pursuant to N.C. Gen. Stat. §§ 75-16.1.
5. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).
6. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA
7. That Plaintiff be awarded such further and general relief that this Court may deem just, equitable and proper.

**TODAY** is March 6, 2017.

**COLLUM & PERRY, PLLC**

M. Shane Perry
NC Bar No. 35498
*Attorney for Plaintiff*
109 W. Statesville Ave., Mooresville, NC 28115
Telephone: 704-663-4187
Facsimile: 704-663-4178

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17-CVS-_____

FILED
2017 MAR 21 AN 11: 20
MECKLENBURG CO., C.S.C.
BY

**ZEENATH ABPLANALP,**

**Plaintiff**

v.

**ALLTRAN FINANCIAL, LP Successor by merger to UNITED RECOVERY SYSTEMS,**

**COMPLAINT**
**WITH DEMAND FOR TRIAL BY JURY**

**Defendant**

Plaintiff Zeenath Abplanalp, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys, if attached to this Complaint, is a true and correct copy of the original where stated or a good faith attempt to accurately compile information.
7. Except for clearly indicated redactions made by my attorneys where appropriate, we have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Subscribed and sworn to before me

_Zeenath Abplanalp_
Zeenath Abplanalp

**TODAY is** March 15th, **2017.**

(SEAL)

_____
Notary Public

My commission expires 03 / 22 / 2020

Fariba Ezzisefat
NOTARY PUBLIC
Mecklenburg County, NC